Stewart, J.,
dissenting. In the case of Riggs, Gdn., v. Del Drago, 317 U. S., 95, 98, 87 L. Ed., 106, 63 S. Ct., 109, the Supreme Court of the United States held that Congress had not undertaken to determine the thrust of the federal estate tax, and that that thrust should be borne as the state law provides.
By Section 812 (e), Title 26, U. S. Code, Congress undertook to place property of married persons residing in common-law states upon an equal basis with property of married persons residing in community-property states, so far as the federal estate tax is concerned. Where a married resident dies in a community-property state, the surviving spouse is considered to own one-half of the entire community estate in the name of the deceased spouse, which one-half is not subject to the estate tax. In a common-law state, where a surviving spouse is entitled under the statute of descent and distribution to a portion of the deceased spouse’s estate, up to one-half of the estate is not, under the doctrine of equitable apportionment, subject to the federal estate tax, and, therefore, should not bear the thrust of that tax which is levied against the decedent’s estate.
The states of the Union are divided with reference to whether the surviving spouse’s estate should bear any of the thrust of the tax.
On January 30, 1952, this court, in the case of Miller et al., Exrs., v. Hammond, 156 Ohio St., 475, 104 N. E. (2d), 9, adopted as the law of Ohio the theory of equitable apportionment and relieved a surviving spouse’s share in the deceased spouse’s estate from the thrust of the federal estate tax. That has been the rule in *211 this state since that time and doubtless a large number of estates have been administered under that rule. Now, with nothing having happened in the meantime to change the atmosphere or the situation with reference to the settlement of estates, we overrule Miller v. Hammond, supra, and adopt a contrary rule, taking away from surviving spouses the advantage of the rule of equitable apportionment and giving the resulting advantage to other beneficiaries of the estate. If this were a new question in Ohio, there would be much to be said in favor of either of the rules. The rule which we adopt today might well have been originally adopted.
I am in thorough accord with the idea that it is highly proper for this court to overrule one of its former decisions, where conditions have changed, making the former decision inapplicable to the present times, or where the former decision is manifestly or clearly wrong, but it seems to me that, under the doctrine of stare decisis, where this court has laid down a rule of property, where nothing has intervened to change the conditions under which it was laid down and where the principle enunciated is overruled within a little over two years, there results an uncertainty of reliance upon our decisions. Surely the surviving spouse whose rights were settled since January 30, 1952, must rejoice that such rights are not being settled now, whereas, from now on, the other beneficiaries of a deceased spouse whose rights have been determined within the last two years must wonder why they fare so much worse than those in a similar situation to their own will fare in the future.
Middleton, J., concurs in the foregoing dissenting opinion.